IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND KERRY C. MARTIN, REVENUE OFFICER OF THE INTERNAL REVENUE SERVICE<br><br>v.<br><br>ANTHONY J. SAMANGO, JR. | CIVIL ACTION<br><br>NO. 15-6260 |

MEMORANDUM

**Baylson, J.**                                                                                               **April 12, 2016**

Plaintiffs the United States of America and Kerry C. Martin, Revenue Officer of the Internal Revenue Service ("IRS") (collectively, "Plaintiffs") move this Court, pursuant to 26 U.S.C. § 7604(a) (2015),[1] to enforce an Internal Revenue Summons issued pursuant to 26 U.S.C. § 7602 (2015) to Defendant Anthony J. Samango, Jr. ECF 1. Defendant has moved to quash. ECF 6. The Court held a show-cause hearing on Monday, March 28 and allowed Defendant to submit a supplemental letter, which he did on April 7. ECF 7. For the reasons below, Plaintiffs' Motion shall be granted and Defendant's Motion shall be denied.

This case involves an IRS investigation into Mr. Samango Jr.'s tax liability for 2008 and 2009. Section 7602 gives the IRS the power to summon individuals for the purpose of providing sworn testimony and other information and materials pertinent to tax investigations. Pursuant to

---

[1] See also 26 U.S.C. § 7402(b) (2015) (providing this Court with jurisdiction to enforce an IRS Summons).

1

that authority, the IRS served a Summons on Mr. Samango, Jr. on April 7, 2015.  He went to the IRS office in Horsham, Pennsylvania on April 21, 2015, but refused to comply.

Plaintiffs must make "a four-step prima facie showing" before this Court can enforce the Summons.  United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (3d Cir. 1990).  Specifically, they must "show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed."  Id. (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)).  "[T]he requirement of legitimate purpose means nothing more than that the government's summons must be issued in good faith pursuant to one of the powers granted under 26 U.S.C. § 7602."  Id.  "The government's burden to produce a prima facie showing of good faith in issuing the summons is only slight or minimal and can be satisfied by the IRS agent's affidavit averring that the Powell elements have been met."  Pilchesky v. United States, Civil Action No. 3:08-MC-0103, 2008 WL 4452672, at *3 (M.D. Pa. Sept. 29, 2008)

Once the Government establishes a prima facie case, the taxpayer must either "disprove[] one of the four elements of the government's . . . showing, or otherwise demonstrate[] that enforcement of the summons will result in an abuse of the court's process."  Rockwell Int'l, 897 F.2d at 1262.  The Third Circuit has characterized IRS summonses as "virtually unassailable" in cases in which an IRS agent has not recommended criminal tax prosecution.  United States v. Garden State Nat'l Bank, 607 F.2d 61, 70 (3d Cir. 1979).

In this case, IRS Agent Kerry C. Martin submitted an affidavit stating that the four Powell factors have been satisfied.  ECF 1 Pls. Ex. 2.  Specifically, Agent Martin stated that he is investigating Samango, Jr.'s tax liability for 2008 and 2009, that the information sought is

2

relevant to that investigation, that the records the Government seeks are not already in the IRS's possession, and that all administrative steps required by the Internal Revenue Code for issuance of a Summons have been taken. Id. Plaintiffs have accordingly met their burden of establishing a prima facie case for enforcement of the Summons. See Masciantonio v. United States, No. 3:14-mc-35, 2014 WL 7213199, at *1 (W.D. Pa. Dec. 17, 2014).

Neither Defendant's Motion to Quash nor Defendant's supplemental submission cite a single case in which a court refused to enforce an IRS subpoena. Defendant mainly argues that he does not owe any tax. That may or may not be so. But the disposition of Defendant's tax liability is of no relevance to whether Plaintiffs may enforce their Summons compelling him to provide information as part of the investigation. The Plaintiffs may well conclude that Samango, Jr. does not owe any tax as a result of the investigation, in which case all of his arguments will be moot. To the extent the Plaintiffs assess taxes, Defendant can challenge them through the appropriate channels.

In summary, Defendant has offered no justification for why the IRS Summons should not be enforced. The Court accordingly grants Plaintiffs' Motion and denies Defendant's Motion. An appropriate Order follows.

O:\CIVIL 15\15-6260 United States v. Samango\15cv6260 Samango Opinion.docx